UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENDY A. FALLA,<br><br>        Plaintiff,<br><br>   v.<br><br>PATTON, et al.,<br><br>        Defendants. | No. 2:17-cv-2403 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a former state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.    Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners[1] seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

---

[1] Plaintiff was incarcerated at the time he filed his complaint. ECF No. 1 at 1.

1

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

2

Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint alleges that defendants Rackley, Lanigan, Curry, Patton, and Plagman violated plaintiff's rights under the First, Eighth, and Fourteenth Amendments. ECF No. 1. Plaintiff alleges that on April 19, 2017, Plagman allowed him to take a two-minute shower prior to reporting to work. Id. at 3, ¶¶ 11-12. As he was finishing his shower, Patton began harassing plaintiff about why he was in the shower. Id. at 4, ¶¶ 15-19. Patton then told plaintiff that he was going to search his cell for taking a shower. Id. at 4-5, ¶ 20. During this time, Plagman observed Patton's behavior but took no steps to intervene. Id. at 5, ¶ 22. Patton continued to yell at plaintiff about taking a shower and then searched plaintiff's cell, taking contraband and throwing his other belongings on the floor. Id. at 5-6, ¶¶ 23-30.

### IV. Failure to State a Claim

#### A. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004) (footnote and citations omitted).

Plaintiff alleges that Patton harassed him and searched his cell in retaliation for taking a shower. ECF No. 1 at 8-9, ¶¶ 37-41. Though unclear, it appears he is also alleging that defendants Rackley, Lanigan, Curry, and Plagman also violated his rights because they were acting in concert with Patton or failed to intervene. These allegations fail to state a claim for relief because taking a shower is not protected conduct under the First Amendment. Plaintiff is

3

1  therefore unable to state a claim for retaliation.

   B. <u>Harassment and Failure to Intervene</u>

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." <u>Farmer</u>, 511 U.S. at 832 (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." <u>Id.</u> at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." <u>Id.</u> (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. <u>Id.</u> at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. <u>Id.</u> at 835.

"Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." <u>Oltarzewski</u>, 830 F.2d at 139 (citation and internal quotation marks omitted); <u>see also</u> <u>Keenan v. Hall</u>, 83 F.3d 1083, 1092 (9th Cir. 1996) (stating that "verbal harrassment generally does not violate the Eighth Amendment"), <u>amended on other grounds by</u> 135 F.3d 1318 (9th Cir. 1998); <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987) (a "mere naked threat" from prison guards does not violate the Eighth Amendment). Plaintiff's allegations that Patton verbally harassed him and that defendants Plagman, Curry, Lanigan, and Rackley failed to intervene and stop the harassment therefore fail to state viable claims for relief. As to the claim that Patton also harassed him by searching his cell, "[t]he Eighth Amendment protects prisoners from searches conducted only for 'calculated harassment.'" <u>Vigliotto v. Terry</u>, 873 F.2d 1201, 1203 (9th Cir. 1989) (citing <u>Hudson</u>, 468 U.S. at 530). However, a single search will not support such a claim. <u>Id.</u> Accordingly, any claim for harassment based on Patton's search of plaintiff's cell also fails to state a claim for relief.

4

C. Due Process

> The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake. A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word "liberty," or it may arise from an expectation or interest created by state laws or policies.

Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (internal citations omitted). "[T]hese interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted).

Plaintiff alleges that his due process rights were violated because Patton's search of his cell and failure to act in a courteous and professional manner violated prison regulations. ECF No. 1 at 9-10, ¶¶ 42-43. However, the violation of a prison regulation does not, by itself, equal a constitutional violation, and these allegations are insufficient to show that plaintiff suffered a deprivation that constituted an "atypical and significant hardship."

Plaintiff had no expectation of privacy in his cell, Hudson v. Palmer, 468 U.S. 517, 526 (1984) ("[T]he Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."), and any unauthorized confiscation or damage to his property that occurred as a result of the search does not support a claim because California provides an adequate post-deprivation remedy for property deprivations, id. at 533 (no claim for unauthorized deprivation of property where state provides adequate post-deprivation remedy); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("California Law provides an adequate post-deprivation remedy for any property deprivations." (citing Cal. Gov't Code §§ 810-95)). Furthermore, though Patton's language may have been unprofessional, verbal harassment, including the use of vulgar language, "'is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979))

5

D. Supervisory Liability

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

Plaintiff has made only conclusory assertions that defendants Rackley, Lanigan, and Curry acted in concert with Patton and Plagman, and he has not alleged any facts against them other than that they hold supervisory positions. ECF No. 1 at 3, 8-12, ¶¶ 6-8, 37-54. It appears that these defendants were named solely because of their supervisory positions, which is insufficient to state a claim.

V. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies,

unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted. Furthermore, given the nature of the incidents about which plaintiff complains, it appears that there are no additional facts that would make the claims cognizable. Leave to amend would therefore be futile. The complaint should accordingly be dismissed without leave to amend.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the filing fee.

It is being recommended that your complaint be dismissed without leave to amend. Taking a shower is not an activity protected under the First Amendment, so even if Patton did harass you because you took a shower, it does not support a claim for retaliation. You also cannot state a claim under the Eighth Amendment because verbal harassment and a single cell search are not constitutional violations. The fact that Patton did not follow prison regulations, without more, does not mean that he violated your due process rights. Because Patton's conduct did not violate your constitutional rights, Plagman, Curry, Lanigan, and Rackley did not violate your rights by failing to stop him. Finally, you cannot state claims against Curry, Lanigan, and Rackley just because they were supervisors.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 16, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE